## Joshua W. Carr *vs.* Edmund Dole & al.

Where an assignment of property for the benefit of creditors has been executed by the debtor and by the assignees, but where no creditor has become a party, an attachment thereof as the property of the debtor will hold against the assignees.

Assumpsit by the plaintiff upon a receipt for property, attached by him as a deputy sheriff. The attachment was made by the plaintiff, *July* 3, 1833, on a writ, *T. A. White* against *Chesley & Lowell,* and the defendants, at the request of the debtors, signed the receipt, dated the same day, acknowledging that they had received of the plaintiff "sundry goods and merchandize to the value of eight hundred dollars," attached as aforesaid by the plaintiff, as the property of *Chesley & Lowell,* and describing the court to which the writ was made returnable. The conclusion of the receipt was, "We hereby jointly and severally promise to keep said property, and return the same to said *Carr,* or bearer of this receipt, on demand and free of expense to said *Carr,* or the creditors, or pay the above sum of eight hundred dollars. It is understood that the demand for the above goods is not to be made until judgment is obtained in the suit." The defendants acknowledged in writing upon the back of the receipt that a demand had been made for the property within thirty days after judgment. The execution was delivered to an officer within thirty days after judgment. The defendants shew, that on the second day of the same *July, Chesley & Lowell* made an assignment of all their goods,

merchandize and other property, to *Allen Gilman* and *Charles Gilman*, for the benefit of certain creditors named therein, but no one of those creditors had signed the assignment or assented thereto until the fourth of *July*, after the plaintiff's attachment. *Charles Gilman* had receipted for a piece of broadcloth, but it did not appear to have been a part of the goods attached. A default was entered, subject to be taken off, if the action could not be maintained.

*Rogers*, for the defendants, said, if the assignment passed the goods attached to the assignees, that constituted a good defence, for the goods in such case were not the property of the debtors when the receipt was given. The assent of the creditors is to be presumed, as it was for their benefit, and the assignors cannot object to it. The creditors of the assignors cannot by their attachment place themselves in a better situation than the debtors, unless there is fraud. *C. Gilman*, as a receiptor for a part of the property embraced in the receipt and in the assignment, had an interest as a creditor, sufficient to sustain it.

*J. Godfrey*, for the plaintiff, contended, that at the time of the attachment no creditor had become a party to the assignment. In such case the property is subject to be taken by attachment at the suit of a creditor. *Hastings* v. *Baldwin*, 17 *Mass. R.* 552; *Marston* v. *Coburn*, 17 *Mass. R.* 454; *Ward* v. *Lamson*, 6 *Pick.* 358; *Brewer* v. *Pitkin*, 11 *Pick.* 298.

The opinion of the Court was drawn up by

WESTON C. J.— No creditor having become a party to the assignment, at the time of the attachment, it is very clear from the authorities, that the attachment must prevail over the assignment. In *Ward & al.* v. *Lamson & trustees*, 6 *Pick.* 358, the Court say, that " for twenty years it has been considered to be law, that if an attachment is made before any creditor has become a party to the assignment, the attachment will hold." And in *Brewer* v. *Pitkin & trustees*, 11 *Pick.* 298, this is considered a point too well settled to be regarded as an open question.

With regard to the consideration moving from the assignee, *Charles Gilman*, arising from his having receipted for what was attached at the suit of *Clark*, that was for a piece of broadcloth,

which does not appear to have formed a part of the goods attached by the plaintiff, and if it did, it would entitle him, as the receipter, to retain that piece of goods only. But the receipt, now in suit, is for a certain amount of goods, without condition or qualification; and it cannot be assumed, without evidence, that any part of them was subject to a prior attachment.

*Judgment for plaintiff.*